DISTRICT COURT, KIT CARSON COUNTY
STATE OF COLORADO

Court Address:
251 16th St. # 301
Burlington, Colorado, 80807

Plaintiff:

MARY ELLEN BOHNEN, individually, as Trustee and
Beneficiary of the EILEEN RITA CURE TRUST, and
as Trustee/Personal Representative and Heir of the
ESTATE OF ERNEST RICHARD CURE

v.

Defendants:

KENNEDY AND COE, LLC., WILLIAM H.
JENKINS, HAMPTON & ROYCE, L.C., fka
HAMPTON, ROYCE, ENGLEMAN & NELSON, L.C.,
and SIDNEY A. REITZ

▲ COURT USE ONLY ▲

Case No.

PURVIS, GRAY & MURPHY, LLP
William R. Gray, Reg. No. 1819
1050 Walnut Street, Suite 501
Boulder, Colorado 80302
Telephone (303) 442-3366
*Attorneys for Plaintiff*

## COMPLAINT AND JURY DEMAND

Plaintiff Mary Ellen Bohnen, individually, as Trustee and Beneficiary of the
Eileen Rita Cure Trust, and as Trustee/Personal Representative and Heir of the Estate of
Ernest Richard Cure, by her attorney, William R. Gray of PURVIS, GRAY & MURPHY,
LLP, as her Complaint against the Defendants herein, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      This is an action to recover damages for losses that Plaintiffs sustained as
a result of acts, omissions and breaches by the accounting firm of Kennedy and Coe, LLC
and its former managing director, William H. Jenkins, and by the law firm of Hampton &
Royce, L.C. and its attorney/member, Sidney A. Reitz.

- 1 -

EXHIBIT B

2.      The events giving rise to this action concerned Defendants' preparation of two different wills on behalf of Plaintiff's father, Ernest Richard Cure ("Mr. Cure"). Both Plaintiff's mother, Eileen Rita Cure ("Mrs. Cure), and her father, Mr. Cure were Colorado residents. At all times material hereto, their principal asset consisted of stock in a family farming corporation known as Cure, Inc., which holds title to real and personal property located in Kit Carson County, Colorado.

3.      Plaintiff is a resident of Hale, Colorado. As an individual, Plaintiff at all material times was and is Beneficiary of the Eileen Rita Cure Trust and Heir of the Estate of Ernest Richard Cure. In her representative capacities, Plaintiff at all material times was and is Trustee of the Eileen Rita Cure Trust and Trustee/Personal Representative of the Estate of Ernest Richard Cure.

4.      Defendant Kennedy and Coe, LLC (hereafter "Kennedy and Coe") is an accounting firm with offices in Colorado and Kansas.

5.      Defendant William H. Jenkins (hereafter "Jenkins") was a Certified Public Accountant until his retirement in 2002. Jenkins is a resident of the state of Kansas. At all material times Jenkins was a member and chief executive officer of Kennedy and Coe.

6.      This Court has personal jurisdiction over Kennedy and Coe and over Jenkins pursuant to Colo. Const. Art. II, Section 25 and Section 13-1-124(1), C.R.S. for the reason that Kennedy and Coe and Jenkins each, for many years including during the events described herein, has transacted business in Colorado with Plaintiff, with the Eileen Rita Cure Trust, with the Estate of Ernest Richard Cure and with numerous other clients who reside in Colorado. At all material times Kennedy and Coe and Jenkins maintained offices in Colorado. Kennedy and Coe has represented and to the date of filing of this complaint continues to represent numerous businesses and individuals who reside in the State of Colorado. Kennedy and Coe provides ongoing accounting, estate planning and other services to dozens of businesses and individuals who reside in Colorado, whose principal place of business is Colorado, and whose land, personal property and other assets are located in Colorado.

7.      Defendant Hampton & Royce, L.C., fka Hampton, Royce, Engleman & Nelson, L.C., (hereafter "Hampton & Royce") is a Kansas law firm with its principal place of business in Salina, Kansas. At all material times Reitz was and is an attorney employed by Hampton & Royce.

8.      Defendant Sidney A. Reitz (hereafter "Reitz") is an attorney admitted to practice in Kansas. He is a Kansas resident.

9.      This Court has personal jurisdiction over Hampton & Royce and Reitz pursuant to Colo. Const. Art. II, Section 25 and Section 13-1-124(1), C.R.S. Plaintiff alleges, on information and belief, that Hampton & Royce and Reitz have had a joint venture professional relationship with Kennedy and Coe and Jenkins for many years whereby the CPA firm (Kennedy and Coe) and Jenkins arranged for the legal services of Hampton & Royce and Reitz to assist Kennedy and Coe's estate planning clients,

- 2 -

including Plaintiff in her representative capacities, Plaintiff's father, Ernest Richard Cure, and other clients who are Colorado residents. As occurred here with regard to Plaintiff and her father, Plaintiff alleges that the law firm of Hampton & Royce and Reitz drafted wills and/or estate planning documents, upon information and belief, for Colorado residents at the behest of Kennedy and Coe, or did so for its own Colorado resident clients without the participation of Kennedy and Coe. Each such will and/or estate planning document written for Colorado residents, including the will and estate planning documents of Ernest Richard Cure were written for Colorado residents, each concerned land and personal assets located in Colorado and each was intended to be executed in Colorado by Hampton & Royce's and/or Reitz's clients. Each such instrument of estate planning was written by Hampton & Royce and Reitz in contemplation that each instrument would be admitted to probate and/or administered in the State of Colorado. As such, both Hampton & Royce and Reitz engaged in business in the State of Colorado and did so over an extended period of time, at least fourteen years. Hampton & Royce and Reitz thus have transacted business in Colorado essentially continuously for some fourteen years. Further, to the extent that professional negligence occurred with regard to their drafting of estate planning instruments, the conduct described herein constitutes commission of a tortious act in Colorado. Pursuant to Section 13-1-124, C.R.S., Hampton & Royce and Reitz are both subject to the jurisdiction of Colorado courts.

10.   Venue is proper in this Court pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

11.   Eileen Rita Cure died in 1992. Ernest Richard Cure was her surviving spouse. The terms of Eileen Rita Cure's Will and an accompanying Trust Agreement divided her estate into two shares, the Eileen Rita Cure Marital Trust ("the Marital Trust") and the Eileen Rita Cure Family Trust ("the Family Trust"). A true and correct copy of Eileen Rita Cure's Trust Agreement is attached as Exhibit 1 hereto.

12.   Under the terms of the Trust Agreement, the Family Trust was to be funded with property equal to the Federal Estate Tax Unified Credit exemption, which at the time of Mrs. Cure's death was $600,000. The balance of Mrs. Cure's estate was to be distributed to the Marital Trust.

13.   Article VII of the Trust Agreement governed the Marital Trust. The beneficiaries of the Marital Trust were Mr. Cure and his four daughters. Article VII allowed Ernest Cure to withdraw principal and interest from the Marital Trust in his complete discretion and gave him a general power of appointment to be exercised in his Will over whatever portion of the Marital Trust remained at his death. In the event that the power was not exercised, the remainder of the Marital Trust was to be added to the Family Trust upon Mr. Cure's death.

14.   Article VIII of the Trust Agreement governed the Family Trust. The beneficiaries of the Family Trust were Mr. Cure and his four daughters. Article VIII

- 3 -

granted the Trustee discretion in distributing the income and principal of the Family Trust according to the need of any beneficiary. Mr. Cure received a limited power of appointment over the Family Trust "for the benefit of [Eileen Rita Cure's] descendants, in such amounts and proportions, and for such estates and interests, on such terms and conditions, either outright or in trust, as [Ernest Cure] may elect." If this power of appointment remained unexercised at Ernest Cure's death, the Family Trust was to be divided among Mrs. Cure's four daughters or their issue, *per stirpes.*

15.     The Trust Agreement appointed Ernest Cure and Plaintiff as Co-Trustees of the Marital and Family Trusts under the Eileen Rita Cure Trust Agreement.

16.     In 1994, Ernest Cure and Plaintiff met with Defendant Jenkins at a Colorado office of Defendant Kennedy and Coe because Ernest Cure wished to revise his estate plan. Ernest Cure's express intention, which he clearly communicated to Defendant Jenkins, was to insure that this second wife, Inez, would be provided for following Mr. Cure's death and that everything else would be left to Plaintiff individually. Jenkins understood that Mr. Cure's intention covered property Mr. Cure owned in addition to the corporate stock held in Mrs. Cure's Family Trust. Consequently, Jenkins understood that Mr. Cure wanted to exercise his power of appointment over the Family Trust to distribute its assets solely to Plaintiff individually upon his death.

17.     In January, 1995, Defendant Jenkins hired Defendant Reitz on behalf of Mr. Cure for the purpose of revising Mr. Cure's Will and Trust in accordance with Mr. Cure's expressed wishes. In a letter dated January 17, 1995, Defendant Kennedy and Coe confirmed this engagement and issued specific instructions reflecting Mr. Cure's intent to favor Plaintiff as Mr. Cure had expressed to Defendant Jenkins. A true and correct copy of this letter is attached as Exhibit 2 hereto.

18.     Paragraph 1 of this letter states that "Mr. Cure wants to exercise his power of appointment under Article VIII, Section 5, of the Eileen Rita Cure Trust to appoint all of the principal of the trust to his daughter, Mary Ellen Bohnen." The Article VIII power of appointment concerned the Family Trust.

19.     Despite these express written instructions to exercise Mr. Cure's power of appointment over *the Family Trust* pursuant to Article *VIII* of the Trust Agreement, Defendant Reitz prepared a Will that exercised Mr. Cure's power of appointment over the *Marital Trust* in favor of Plaintiff pursuant to Article *VII* of the Trust Agreement. A true and correct copy of this Will is attached as Exhibit 3 hereto.

20.     Defendant Reitz transmitted Mr. Cure's Will and an accompanying Trust Agreement back to Defendant Jenkins, along with a cover letter that explained the documents he drafted. This letter stated that the Will exercised Mr. Cure's power of appointment over the Marital Trust. A true and correct copy of this letter is attached as Exhibit 4 hereto.

- 4 -

21.     Although the Kennedy and Coe instruction letter to Reitz provided that the new will was to exercise Mr. Cure's power of appointment over the Family Trust, Jenkins failed to note that the new Will Reitz drafted exercised the wrong power of appointment, despite being told of it in Reitz' cover letter. Mr. Cure executed this flawed Will in Colorado on January 31, 1995. Defendant Jenkins was present when Mr. Cure signed the new Will, and Defendant Jenkins signed the Will as a witness. The Will did not conform to Mr. Cure's wishes, which Jenkins has acknowledged under oath. Jenkins did not read the Will or Reitz' letter to confirm that Reitz had drafted the Will as he was instructed to do. Neither Jenkins nor Reitz informed Mr. Cure or Plaintiff that this Will did not carry out Ernest Cure's true testamentary intent.

22.     Between 1995 and 2002, Plaintiff assisted Mr. Cure in managing the business affairs of Cure, Inc. in accordance with what Plaintiff and Mr. Cure believed was the estate plan that Mr. Cure had put in place. During this period, Plaintiff and Mr. Cure also received financial and tax planning advice from Defendants Jenkins and Kennedy and Coe.

23.     412 shares of Cure, Inc., were held as assets of the Family Trust. At all relevant times, Mr. Cure's estate planning documents failed to exercise Mr. Cure's power of appointment over the Family Trust in favor of Plaintiff. Neither Ernest Cure nor Plaintiff Mary Bohnen realized that the power of appointment over the Family Trust had not been exercised and that Plaintiff's three sisters remained beneficiaries of the Family Trust.

24.     At no time between 1995 and 2000 did Defendant Jenkins or Defendant Kennedy and Coe advise Plaintiff or Mr. Cure that they owed any fiduciary duties to Plaintiff's sisters as beneficiaries of the Family Trust. Mr. Cure and Plaintiff conducted the business affairs of Cure, Inc. under the belief, encouraged by Jenkins and Kennedy and Coe, that there were no other persons besides themselves who had any legal or equitable interest in Cure, Inc.

25.     In 2000, Defendant Jenkins assisted Mr. Cure in again updating his Will. Defendant Jenkins contacted a Denver attorney and requested that Mr. Cure's 1995 Will be updated. However, Mr. Cure's intent to exercise his power of appointment over the Family Trust to distribute those assets solely to Plaintiff remained unchanged in the 2000 Will because Jenkins erroneously advised the Denver attorney that the Family Trust held no assets.

26.     The Denver attorney prepared a new Will for Mr. Cure in 2000 based on the erroneous information provided by Jenkins. Contrary to Mr. Cure's true intent, the 2000 Will prepared by the Denver attorney once again exercised Mr. Cure's power of appointment over the Marital Trust and was silent as to the Family Trust. A true and correct copy of the 2000 Will is attached as Exhibit 5 hereto.

27.     Mr. Cure executed the new Will in October, 2000. Once again, Defendant Jenkins failed to notify Mr. Cure or Plaintiff that the 2000 Will did not accomplish Mr. Cure's wishes. Jenkins has acknowledged under oath that the 2000 Will did not

- 5 -

accurately reflect Ernest Cure's intentions. After the 2000 Will was executed, Defendant Jenkins and Kennedy and Coe continued to perform accounting services and give financial and tax advice to Mr. Cure and Plaintiff in managing their personal and corporate affairs. At no time between 2000 and 2002 did Kennedy and Coe or Jenkins advise Mr. Cure or Plaintiff that by virtue of the fact that Plaintiff's three sisters remained beneficiaries of the Family Trust, Plaintiff's sisters had an ownership interest in Cure, Inc., or that as Co-Trustees of the Family Trust, Ernest Cure and Plaintiff owed fiduciary duties to Plaintiff's sisters as beneficiaries of that Trust.

28.     Mr. Cure died in September, 2002. Plaintiff was appointed personal representative of Mr. Cure's estate, and also succeeded him as personal representative of Mrs. Cure's estate.

29.     In mid-October 2002, Plaintiff learned for the first time of the errors in the 1995 Will, and that these errors were carried forward into the 2000 Will due to the erroneous information Jenkins had given to the Denver attorney. Instead of receiving all shares of Cure, Inc. that were titled in the Family Trust, as Mr. Cure had intended, Plaintiff received only 25% of those shares. Plaintiff filed an action in District Court for Kit Carson County, In re Estate of Ernest R. Cure, Civil Action No. 2002 PR 32 ("Will Reformation Case"), to reform Mr. Cure's Will to conform to his true intent to exercise his power of appointment over the Family Trust in favor of Plaintiff.

30.     In 2003, Plaintiff's sisters filed an action against Plaintiff in Kit Carson County, In re Estate of Eileen Rita Cure, Civil Action No. 2003 CV 29 ("Fiduciary Case"), alleging, inter alia, that Plaintiff and Mr. Cure breached fiduciary duties owed to them as beneficiaries of the Family Trust.

31.     Plaintiff lost the Will Reformation Case by summary judgment. The matter was appealed, and the trial court decision was affirmed by the Colorado Court of Appeals. Plaintiff sought review by the Colorado Supreme Court via Certiorari, which was denied.

32.     The Fiduciary Case was tried in April 2007, and Plaintiff lost that case as well. In its ruling the trial court awarded damages to Plaintiff's three sisters, including their attorneys' fees. Plaintiff has now paid all sums due and owing to her sisters in full, a total of $1,357,683.70.

33.     In addition, Plaintiff has been forced to incur substantial attorney's fees and costs of her own in pursuing the Will Reformation Case, in appealing that case, and in defending against the claims brought by her three sisters in the Fiduciary Case. Plaintiff's own attorneys' fees and costs expended on these two cases due to the acts and omissions of these Defendants is $576,619.28.

34.     In September 2004, several weeks before the two year anniversary of the discovery by Mary Bohnen of the mistake in Mr. Cure's 1995 and 2000 Wills, Defendants and Plaintiff (on behalf of herself, Mrs. Cure's Trust and Mr. Cure's estate) each voluntarily executed tolling agreements as to the claims herein. Since that time a

series of seven renewals were executed by all parties which extended these tolling agreements, each one of which was executed before the expiration of its predecessor. The common purpose of all parties in executing these sequential tolling agreements was to toll the statute of limitations for all claims against each Defendant herein. The last of these tolling agreements expires on April 1, 2008. Due to the operation of these tolling agreements, this case is timely filed against each defendant herein.

## FIRST CLAIM FOR RELIEF

(Breach of Contract – Defendants Reitz, Hampton & Royce, L.C.)

35.   Plaintiff incorporates Paragraphs 1 through 34 above by reference.

36.   In requesting that Defendant Reitz draft his Will, Mr. Cure and Defendant Reitz entered into a contract for legal services.

37.   In entering into this contract, Mr. Cure intended to confer a direct benefit upon Plaintiff by exercising his power of appointment over the Family Trust in her favor.

38.   Plaintiff was an express third-party beneficiary of the contract for legal services between Mr. Cure and Defendant Reitz.

39.   Mr. Cure performed all conditions precedent and subsequent to the contract.

40.   In drafting Mr. Cure's Will such that it failed to exercise his power of appointment over the Family Trust in favor of Plaintiff, and instead exercised his power of appointment over the Marital Trust, Defendant Reitz breached the contract.

41.   Defendant Reitz's breach of the contract for legal services resulted in Plaintiff's loss of the benefit Mr. Cure intended to confer upon her.

42.   At all times relevant herein, Defendant Reitz was an officer, employee, and agent of Defendant Hampton & Royce. Defendant Reitz was acting within the scope of his authority or was rendering legal services which Mr. Cure had contracted for with Reitz and Hampton & Royce. Defendant Reitz's acts and omissions are, by law, the acts and omissions of the law firm.

## SECOND CLAIM FOR RELIEF

(Professional Negligence -- Defendants Reitz and Hampton & Royce)

43.   Plaintiff incorporates Paragraphs 1 through 42 above by reference.

44.   In rendering legal services to Mr. Cure, and as to the events particularized in the General Allegations, Defendant Reitz had a duty to Plaintiff as Co-Trustee of the Eileen Rita Cure Family Trust, and as the intended third-party beneficiary of Mr. Cure's power of appointment over that Trust, to employ that degree of knowledge, skill, and

judgment ordinarily possessed by members of the legal profession, and to perform faithfully and diligently any and all services undertaken as an attorney in a manner a reasonably careful attorney would do under the same or similar circumstances.

45.    The acts of Defendant Reitz and Hampton & Royce described in the General Allegations were negligent, and breached the duty Reitz owed to Plaintiff. This breach was a proximate cause of the damages and losses Plaintiff has suffered, which damages and losses continue.

## THIRD CLAIM FOR RELIEF

(Breach of Contract – Defendants Kennedy and Coe and Jenkins)

46.    Plaintiff incorporates Paragraphs 1 through 45 above by reference.

47.    In agreeing to undertake estate planning services for Mr. Cure, Defendant Jenkins and Kennedy and Coe entered into a contract.

48.    In entering into this contract, Mr. Cure intended to confer a direct benefit upon Plaintiff by exercising his power of appointment over the Family Trust in her favor.

49.    Plaintiff was an express third-party beneficiary of the contract for services between Mr. Cure and Defendants Kennedy and Coe and Jenkins.

50.    Mr. Cure performed all conditions precedent and subsequent to the contract.

51.    In failing to see to it that Mr. Cure's Wills exercised his power of appointment over the Family Trust in favor of Plaintiff, and instead exercised his power of appointment over the Marital Trust, Defendant Kennedy and Coe and Jenkins breached the contract.

52.    Defendant Kennedy and Coe and Jenkins' breach of the contract for services resulted in Plaintiff's loss of the benefit Mr. Cure intended to confer upon her.

53.    At all times relevant herein, Defendant Jenkins was an officer, employee, and agent of Defendant Kennedy and Coe. Defendant Jenkins was acting within the scope of his authority or was rendering accounting services which Mr. Cure had contracted for with Jenkins and Kennedy and Coe. Defendant Jenkins' acts and omissions are, by law, the acts and omissions of Kennedy and Coe.

## FOURTH CLAIM FOR RELIEF

(Negligence -- Defendants Jenkins and Kennedy and Coe, LLC)

54.    Plaintiff incorporates Paragraphs 1 through 53 above by reference.

55.    In rendering estate planning and accounting services to Mr. Cure, to Plaintiff, and to Cure, Inc., and as to the events particularized in the General Allegations, Defendant Jenkins had a duty to Plaintiff to employ that degree of knowledge, skill, and judgment ordinarily possessed by members of the accounting profession, and to perform faithfully and diligently any and all services undertaken as an accountant in a manner a reasonably careful accountant would do under the same or similar circumstances.

56.    The acts of Defendant Jenkins, as described in the General Allegations, were negligent, and breached the duty he owed to Plaintiff.

57.    At all times relevant herein, Defendant Jenkins was an employee, chief executive officer and agent of Defendant Kennedy and Coe LLC, and Defendant Jenkins was acting within the scope of his authority or was rendering accounting services which Mr. Cure had contracted for. Defendant Jenkins's acts and omissions are, by law, the acts and omissions of the accounting firm.

58.    The negligence of Defendant Jenkins and his accounting firm was a proximate cause of the damages and losses Plaintiff has suffered, and of additional losses Plaintiff may suffer in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against all Defendants on each Claim for Relief set forth herein, and for compensatory damages in such amounts as the jury deems appropriate, plus interest from and after the date of accrual, and for Plaintiff's costs, expert witness fees, and for such other and further relief as the Court deems appropriate.

## CERTIFICATE OF REVIEW

Pursuant to C.R.S. § 13-20-602, the undersigned hereby certifies that this case has been reviewed by a consulting attorney who has expertise in the areas of negligent conduct alleged herein as to Reitz and Hampton & Royce that this attorney has reviewed relevant records and documents and is aware of the relevant facts, and has concluded that the filing of this claim does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4).

The undersigned further certifies that this case has been reviewed by a consulting C.P.A. who has expertise in the areas of negligent conduct alleged herein as to Jenkins and Kennedy and Coe, that this C.P.A. has reviewed relevant records and documents and is aware of the relevant facts, and has concluded that the filing of this claim does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4).

PLAINTIFF RESPECTFULLY DEMANDS A JURY AS TO ALL ISSUES SO TRIABLE.

Dated this 31ˢᵗ day of March, 2008.

PURVIS, GRAY & MURPHY, LLP

*Original Signature of William R. Gray on File at
the Office of Purvis, Gray & Murphy, LLP*

By _____
         William R. Gray

*ATTORNEYS FOR PLAINTIFF*

Plaintiff's Address:

Mary Ellen Bohnen
37710 Road 4
Hale, CO 80735

- 10 -

LAST WILL AND TESTAMENT

OF

EILEEN RITA CURE

I, EILEEN RITA CURE, of Stratton, Colorado, make this
Will and revoke all previous Wills and Codicils.

ARTICLE I

STATEMENT OF FAMILY

I am married to ERNEST RICHARD CURE, who shall be
referred to in this Will as my husband.  My children are
EDWARD JOSEPH CURE, MARY ELLEN BOEHNEN, KATHLEEN ANN UNREIN,
JANE ELIZABETH HUBBARD, MICHAEL RICHARD CURE, WILLIAM EARL
CURE, JOHN PAUL CURE, and THERESA MARIE CURE.  References in
this Will to my children are only to MARY ELLEN BOEHNEN,
KATHLEEN ANN UNREIN, JANE ELIZABETH HUBBARD, and THERESA
MARIE CURE.  EDWARD JOSEPH CURE, MICHAEL RICHARD CURE,
WILLIAM EARL CURE, and JOHN PAUL CURE shall not be
considered children of mine for any purpose of this Will.
References in this Will to my descendants are only to MARY
ELLEN BOEHNEN, KATHLEEN ANN UNREIN, JANE ELIZABETH HUBBARD,
THERESA MARIE CURE, and their descendants.  EDWARD JOSEPH
CURE, MICHAEL RICHARD CURE, WILLIAM EARL CURE, JOHN PAUL
CURE, and their descendants shall not be considered
descendants of mine for any purpose of this Will.  I have



EXHIBIT
A

purposely excluded EDWARD JOSEPH CURE, MICHAEL RICHARD CURE,
WILLIAM EARL CURE, and JOHN PAUL CURE from any and all
rights of inheritance and from any benefits of any kind from
my estate since they have been amply provided for through
the years by virtue of income and assets derived from family
and professional relationships with me.  It is my firmly
settled conclusion that EDWARD JOSEPH CURE, MICHAEL RICHARD
CURE, WILLIAM EARL CURE, and JOHN PAUL CURE merit no further
benefits or consideration from me or from my estate.

### ARTICLE II

### NON-BUSINESS TANGIBLE PERSONAL PROPERTY

Section 1.  Personal Memorandum.  I give my household
goods, personal effects, and other articles of non-business
tangible personal property, together with any insurance
policies covering such property and claims under such
policies, in accordance with any memorandum directing the
disposition of such property which I may leave at my death.

Section 2.  Distribution to Family.  All of my non-
business tangible personal property not disposed of under
Section 1. I give to my husband, if my husband survives me.
If my husband does not survive me, I give such property in
shares of substantially equal value to those of my children
who survive me, to be divided among them as they shall
agree.  My Personal Representative may select the share for

-2-

any person who is under any form of legal disability.  If my children are unable to agree upon the division of such property within six months after the date of my death, my Personal Representative shall sell such property, and divide the proceeds among such children.

## ARTICLE III

### REMAINDER OF ESTATE

Section 1.  Pour-Over to Trust.  All of the rest and remainder of the property which I shall own at my death, excluding any property over which I might have a power of appointment, and after payment of expenses and taxes which are paid pursuant to this Will, I hereby give to the Trustee of the EILEEN RITA CURE TRUST dated February 3, 1976, as amended, and executed prior to this Will by and between me as Settlor and me, my husband, and MARY ELLEN BOEHEN as Trustee, to be added to the property of that trust and disposed of in accordance with its terms and any additional amendments thereto prior to my death.

Section 2.  Alternate Disposition.  If the trust referred to in the foregoing section, which I hereby specifically and completely incorporate herein by reference, is not in effect at my death, or if there is any other reason the pour-over thereto cannot be accomplished, I hereby direct my Personal Representative to establish a trust in accordance with the

-3-

provisions of such trust, as amended.  I hereby give the remainder of my estate, excluding any property over which I might have a power of appointment, to the Trustee of said trust.

## ARTICLE IV

## POWERS OF FIDUCIARIES

Section 1.  General Powers.  My Personal Representative may perform every act reasonably necessary to administer my estate.  Specifically, my Personal Representative may acquire, retain, invest in, and manage any kind of real or personal property, without diversification or risk of unproductivity, and without limitation by statute or rule of law; sell, lease for any period, partition, exchange, assign, option, abandon, or otherwise dispose of real or personal property, publicly or privately, and without appraisal; borrow money and mortgage, pledge or otherwise encumber property; distribute in cash or kind or partly in each and without requiring pro rata distribution of specific property; hold property in the name of a nominee; and follow rules of accounting which are in accordance with normal accounting practices consistently applied.

Section 2.  Colorado Fiduciaries' Powers Act.  In addition to all of the above powers, my Personal Representative may exercise those powers set forth in the Colorado

-4-

Fiduciaries' Powers Act, together with any amendments to such Act subsequent hereto, and said Act as it exists at the date of the execution of this Will is incorporated herein by reference and made a part hereof as fully as if the same were set out at length herein.

Section 3. Distributions. My Personal Representative may distribute property from my estate directly to any beneficiary, or such property may be delivered to a beneficiary's guardian or conservator or any responsible adult with whom the beneficiary is residing, or such property may be distributed in any other manner permitted by law. A receipt for any such distribution by the recipient shall fully discharge my Personal Representative.

### ARTICLE V

### TAX PROVISIONS

Section 1. Payment of Expenses and Taxes. The Trustee of the trust referred to herein is authorized to pay my funeral and burial expenses, claims against my estate, and expenses of estate administration. Accordingly, I direct my Personal Representative to consult with the Trustee to determine the preferable source for payment of such amounts and which, if any, should be requested from the trust. My Personal Representative shall have the power, in its sole discretion, to direct that estate, inheritance and other

-5-

death taxes imposed by reason of my death, including interest and penalties thereon, other than any generation-skipping tax, shall be paid from such trust. To the extent that my Personal Representative does not so direct, such taxes, other than any generation-skipping tax, shall be paid out of my residuary estate as an expense of administration, without apportionment and without right of contribution from any person unless the trust provides otherwise.

Section 2. Tax and Administrative Elections. My Personal Representative may exercise any available elections under any applicable income, inheritance, estate, succession, or gift tax law. This authority specifically includes the power to select any alternate valuation date for death tax purposes and the power to determine whether any or all of the administration expenses of my estate are to be used as estate tax deductions or income tax deductions, and no compensating adjustments need be made between income and principal as a result of such determinations unless my Personal Representative shall determine otherwise, in the sole discretion of my Personal Representative, or unless required by law. My Personal Representative shall not be liable to any beneficiary of my estate for tax consequences occasioned by reason of the exercise of any such elections or by reason of the allocation and distribution of property

-6-

in kind in full or partial satisfaction of any benefi-
ciary's interest in my estate.

## ARTICLE VI

## APPOINTMENT OF FIDUCIARIES

Section 1.  Bond.  I request that no fiduciary named
herein furnish bond unless demanded by law or court rule, in
which event I desire that no surety be required thereon.

Section 2.  Personal Representative.  I appoint my
husband as Personal Representative of my estate.  If my
husband predeceases me or is unwilling or unable to act
for any reason, I appoint MARY ELLEN BOHNEN as Personal
Representative of my estate.

## ARTICLE VII

## SURVIVORSHIP

For purposes of this Will, if the order of death of me
and my husband cannot be established by proof, my husband
shall be deemed to have survived me.  Any other beneficiary
shall be deemed to have predeceased me if such beneficiary
dies within thirty days after the date of my death.

IN WITNESS WHEREOF, I have signed this Will on this

7 day of _August_ , 19 87.

_Eileen Rita Cure_
EILEEN RITA CURE


The foregoing instrument was, on the day and year above
written, subscribed, published and declared by the testatrix
to be her Last Will and Testament in the presence of us, who
in her presence, at her request, and in the presence of each
other, have attested the same and have hereunto subscribed
our names as attesting witnesses; and we declare that at the
time of our attestation of this instrument, the said testa-
trix was, according to our best knowledge and belief, of
sound and disposing mind and memory and under no constraint;
and we further declare that entirely prior to the foregoing
there was exhibited to us an original copy of the Trust
referred to in the foregoing instrument, and that as so
exhibited, the same was fully and finally executed.

_Nancy Burrows_     Address 141 _Union Blvd._
                       _Lakewood Co 80221_
_____     Address _____
                       _Denver C_

-6-

STATE OF COLORADO           )
                            ) ss.
COUNTY OF _Jefferson_       )

We, EILEEN RITA CURE, _____
and _Nancy Burrows_ , the testatrix and the witnesses,
respectively, whose names are signed to the attached or
foregoing instrument, being first duly sworn, do hereby
declare to the undersigned authority that the testatrix
signed and executed the instrument as her Last Will and
Testament and that she had signed willingly or directed
another to sign for her, and that she executed it as her
free and voluntary act for the purposes therein expressed;
and that each of the witnesses, in the presence and hearing
of the testatrix, signed the Will as witnesses and that to
the best of our knowledge the testatrix was at that time
eighteen years of age or older, of sound mind and under no
constraint or undue influence.

_____
EILEEN RITA CURE

_____
Witness

_____
Witness

Subscribed, sworn to and acknowledged before me by
EILEEN RITA CURE, the testatrix, and subscribed and
sworn to before me by _James W. Burrows_ and
_Nancy Burrows_ , witnesses, this _7_ day
of _August_ , 19_87_.
Witness my hand and official seal.
My commission expires _____

_____
Notary Public

Address of Notary:

_141 Union Blvd_
_Lakewood, CO_

-8-

EXHIBIT

2

**KENNEDY AND COE, LLC**
CERTIFIED PUBLIC ACCOUNTANTS
1002 BROADWAY, P. O. BOX 187
GOODLAND, KANSAS 67735
PHONE: (913) 899-3676
FAX: (913) 899-7331

\LIAM H. JENKINS, C.P.A.
:F EXECUTIVE OFFICER
J. BOX 1100, SALINA, KS 67402-1100

WILLIAM H. JENKINS, C.P.A.
MEMBER-IN-CHARGE

LARRY L. LEWIS, C.P.A.
MEMBER

E. WAYNE HILTON, C.P.A. (RETIRED)

OFFICES

KANSAS:
ANTHONY       COLBY
CONCORDIA     GARDEN CITY
GOODLAND      GREAT BEND
MARYSVILLE    OVERLAND PARK
PRATT         SALINA
SCOTT CITY    SMITH CENTER
TOPEKA        WICHITA

COLORADO:
LAMAR         WRAY
MONTE VISTA

OKLAHOMA:     NEBRASKA:
ALVA          MCCOOK

January 17, 1995

Hampton, Royce, Engleman & Nelson
Attention: Sidney A. Reitz
P.O. Box 1247
Salina, Kansas 67402-1247

Re: Ernest Cure

Dear Sid:

In accordance with your telephone conversation with Bill Jenkins, below is a summary of the changes that Ernest Cure desires to make to the existing trust agreements for himself and his deceased wife.

1. Mr. Cure wants to exercise his power of appointment under Article VIII, Section 5, of the Eileen Rita Cure Trust to appoint all of the principal of the trust to his daughter, Mary Ellen Bohnen. The only property held in this trust is 412 shares of Cure, Inc. The trust terminates at the date of death of Mr. Cure, therefore, all of the stock held by the trust would be distributed to Mary.

2. Mr. Cure wants to amend his trust agreement to leave all of his property to his daughter, Mary Ellen Bohnen, outright, with the exception of the property described in number 3.

3. Mr. Cure wants to change his trust agreement to provide a Q-tip trust for his second wife, Inez. The trust would provide for all income and use from their home and the North one-half of Section 4-8-45 in Kit Carson, Colorado where the house is located during her lifetime. Upon Inez's death, the Q-tip property would be distributed to Mary. Currently, Cure, Inc. owns the land, which is under a CRP contract, and there is no home on the land. The construction of the home will begin this spring. All of the construction costs will be paid for by the corporation and Ernest will purchase the land and home from the corporation using a large receivable he has from the corporation. The trustees of the Q-tip should be his daughter, Mary, and his wife, Inez. Mary needs to have the ability to make distributions of principal under an ascertainable standard.

Mrs. Cure needs to execute a disclaimer for all interest, other than that listed above, to the property owned by Mr. Cure that she would be entitled to inherit under state laws. In addition, Inez needs a will to distribute all her property equally to her children at her date of death. Mr. Cure also needs to execute a  claimer for all interest in property owned by Mrs. Cure at her date of death that he would be entitled to  herit under state laws. Mrs. Cure is to provide us with a list of her children's names and addresses and the name of an executor and a successor executor of her will. This data will be forwarded to you when we receive it.

Hampton, Royce, Engleman and Nelson
January 17, 1995
Page 2

Cure, Inc. will adopt a non-qualified deferred compensation agreement providing monthly payments of $2,500 per month. The payments will start when Ernest can no longer provide services to the corporation and continue on through the life of Inez.

We need you to prepare all the necessary documents to facilitate the changes to the trust agreements in accordance with Ernest Cure's request and to accomplish the other provisions listed above.

Ernest Cure's estimated estate is summarized as follows:

| | |
|---|---:|
| Stock in Cure, Inc. (583 Shares) | 901,610 |
| Notes Receivable from Cure, Inc. | |
| (will be converted to land and home) | 414,171 |
| Cash and Other Property | 75,000 |
| Total | 1,390,781 |

The value of the home and land in the Q-tip trust will be approximately $400,000 leaving a taxable estate of $990,781. Mr. Cure will consider a gifting program for the future to gift shares of Cure, Inc. stock to Mary, her husband, and her children to reduce his taxable estate while using his annual exclusions.

Below is a summary of the ownership of Cure, Inc.:

| | | |
|---|---|---:|
| Mary Bohnen | 346 Shares | 535,099 |
| Eileen Rita Cure Trust | 412 Shares | 637,158 |
| Ernest Richard Cure Trust | 498 Shares | 770,157 |
| Ernest Richard Cure Trust | | |
| (from Eileen Cure) | 85 Shares | 131,453 |
| Total | 1,341 Shares | 2,073,867 |

We are enclosing a copy of the balance sheet of Cure, Inc. for your reference.

We are also enclosing the client's copy of the booklet containing the estate tax return for Eileen Cure and the trust agreements for Eileen and Ernest Cure. Please return this booklet to our office with the completed documents.

It is our understanding that you will have the completed documents to our office by January 27, 1995, therefore, we have set an appointment with Mr. and Mrs. Cure to execute the documents on January 31, 1995. Your cooperation in completing this project timely is greatly appreciated. If you have any questions or comments, do not hesitate to contact us.

Very truly yours,

Linda Rummel

LKR
Enclosures

cc:   Mary Bohnen, 36470 Road CC, Bethune, CO  80805

# W I L L

I, Ernest Richard Cure, a citizen of the United States and a resident of Burlington, Kit Carson County, Colorado, make this my Last Will and Testament, hereby revoking all Wills and Codicils heretofore made by me.

ITEM I:  In accordance with the provisions of Section 4 of Article VII of that certain Trust Agreement dated February 3, 1976, as amended by a First Amendment of Trust dated August 7, 1987, between my deceased wife, Eileen Rita Cure, as the "Settlor", and myself and Mary Ellen Bohnen, as the "Trustee", I was granted a general testamentary power of appointment over all of the property constituting the Eileen Rita Cure Trust (Marital Trust) being held under the provisions of Article VII of said Trust Agreement dated February 3, 1976, as amended by said First Amendment of Trust dated August 7, 1987.  I hereby exercise said general testamentary power of appointment and hereby give and bequeath all of the property constituting said Eileen Rita Cure Trust (Marital Trust) at the time of my death to my daughter, Mary Ellen Bohnen, but if she is not then living, then, per stirpes, to the issue then living of Mary Ellen Bohnen, but if there should be no issue then living of Mary Ellen Bohnen, then such property shall be divided into such number of separate shares of equal value as may be necessary to provide one such separate share for each of my other daughters, Kathleen Ann Unrein, Jane Elizabeth Hubbard and Theresa Marie Cure, who is then living or who is then deceased but who has issue then living.  One such separate share shall be distributed to each of my said other daughters who is then living, and one such separate share shall be distributed, per stirpes, to the issue then living of each of my said other daughters who is then deceased but who has issue then living.

ITEM II:  All of my property of whatever kind and wherever located, owned by me at the time of my death, I give, devise and bequeath to Ernest Richard Cure and Mary Ellen Bohnen, as Trustees of the Ernest Richard Cure Trust, dated February 3, 1976, and their successors, to be held, administered and distributed in accordance with a certain trust established by me pursuant to a certain Trust Agreement dated February 3, 1976, a First Amendment of Trust dated July 23, 1987, and a Second Supplemental Trust Agreement dated January 31, 1995, which Trust Agreement is evidenced by written instruments executed by me and by said Trustees before the execution of this Will and is in the possession of said Trustees.  I hereby direct that the property so devised and bequeathed shall not be deemed to be held under a testamentary trust, but shall become a part of the trust to which it is given.  Under the provisions of said Trust Agreement dated February 3, 1976, said First Amendment of Trust dated July 23, 1987, and said Second Supplemental Trust Agreement dated January 31, 1995, I retained the right to amend, alter, revoke or terminate the trust created thereunder, in whole or in part, at any time during my lifetime, and the property devised and bequeathed to said trust hereunder shall be held, administered and distributed in accordance with the provisions of said Trust Agreement dated February 3, 1976, said First Amendment of Trust dated July 23, 1987, and said Second Supplemental Trust Agreement dated January 31, 1995, including any amendments thereto in writing made at any time after the making of this Will and before my death.

ITEM III:  I nominate and appoint my daughter, Mary Ellen Bohnen, to be Executrix of this my Last Will and Testament, and I request that no bond be required of her.

References in this Will to "Executrix" mean the Executrix or Administrator with Will Annexed for the time being in office.

*C.R.C.*
E.R.C.

**EXHIBIT**
**3**
totables

– i –

EC 550

No one dealing with my Executrix need inquire concerning validity of anything that she purports to do or need see to application of any money paid or property transferred to or upon the order of my Executrix.

ITEM IV:   In extension and not in limitation of the powers given by law or other provisions of this Will, my Executrix is hereby authorized, in each case to be exercised from time to time in the discretion of my Executrix and without order or license of any Court, to settle, compromise, adjust, liquidate, release and pay any and all claims in favor of or against my estate, whether or not such claims have been filed with or allowed by the Court having jurisdiction of my estate; to sell, convey, transfer, assign, exchange, mortgage, pledge, lease or otherwise dispose of or deal with any real estate or personal property owned or held by my estate; and to purchase or otherwise acquire, retain, invest and reinvest in stocks, securities and obligations of corporations, business and investment trusts, business and associations, common trust funds and in any other kind of real and personal property.

IN WITNESS WHEREOF, I have hereunto set my hand this 31st day of January, 1995, at Goodland, Kansas.  For identification, I have initialed the foregoing one page of this Will, which consists of three pages.

*Ernest Richard Cure*
Ernest Richard Cure

We, the undersigned, in the presence of each other and in the presence of and at the request of the above named Testator, saw him sign the foregoing instrument of writing and heard him declare the same to be his Last Will and Testament; and we, in the presence of each other and in the presence of and at the request of the Testator, hereby sign our names as witnesses thereto.

DATED at Goodland, Kansas, this 31st day of January, 1995.

_____
Address:  257 Grid
          Goodland Ks 67735

*Linda K. Lummel*
Address:  321 W. 8th
          Goodland, KS 67735

*William B. ___*
Address:  1002 Broadway
          Goodland, KS 67735

C O N S E N T

I, Inez Cure, wife of Ernest Richard Cure, having read the above and foregoing Will of Ernest Richard Cure dated January 31, 1995, and the Ernest Richard Cure Trust established pursuant to a Trust Agreement dated February 3, 1976, a First Amendment of Trust dated July 23, 1987, and a Second Supplemental Trust Agreement dated January 31, 1995, and being fully conversant with the

- 2 -

EC 551

provisions of said Will and said Trust, knowing generally the nature, value and extent of the estate of Ernest Richard Cure, and with full knowledge of my rights under the law at the time of the death of Ernest Richard Cure if I survive him in the absence of this Consent, hereby give full and free consent to the provisions made for me in the above and foregoing Will of Ernest Richard Cure and in the Ernest Richard Cure Trust and accept the same in lieu of any and all rights under the law as a surviving spouse in the absence of this consent, including but not limited to dower, curtesy, elective share, exempt property, family allowance, homestead exemption, descent succession, inheritance, forced heirship, right to elect against a will, trust, or beneficiary designation, right to a qualified joint and survivor annuity under any retirement plan governed by the Employment Retirement Income Security Act (ERISA), or succeeding federal law (including the right to change or designate any beneficiary to any such retirement plan), or right to act as an executor, administrator, or personal representative of the estate. I further acknowledge that this Consent is irrevocable unless Ernest Richard Cure amends the above and foregoing Will or the Ernest Richard Cure Trust in any manner. If Ernest Richard Cure should amend his Will or said Trust in any manner, then this Consent shall be null and void.

IN WITNESS WHEREOF, I have herewith set my hand and declared this to be my full and free consent to the Will of Ernest Richard Cure dated January 31, 1995, and the Ernest Richard Cure Trust established pursuant to a Trust Agreement dated February 3, 1976, a First Amendment of Trust dated July 23, 1987, and a Second Supplemental Trust Agreement dated January 31, 1995, this 31st day of January, 1995.

_____
Inez Cure

We, the undersigned, do hereby certify that Inez Cure, wife of Ernest Richard Cure, signed the above and foregoing Consent in writing to the Last Will and testament of Ernest Richard Cure, dated January 31, 1995, and the Ernest Richard Cure Trust established pursuant to a Trust Agreement dated February 3, 1976, a First Amendment of Trust dated July 23, 1987, and a Second Supplemental Trust Agreement dated January 31, 1995, in the presence of us, and each of us, the day and year above written, and that we, in the presence of Inez Cure, and in the presence of each other, have subscribed our names hereto as witnesses.

We further certify that the said Inez Cure was of legal age and of sound mind and not under any restraint at the time she signed the same, and that Inez Cure acknowledged the same as her free and voluntary act and deed.

_____

Address: _____

_____

_____
Linda K Rummel

Address: 321 W 8th

Goodland, KS 67735

_____
William

Address: 1002 Broadway

Goodland, KS. 67735

- 3 -

BC 552

LAW OFFICES

HAMPTON, ROYCE, ENGLEMAN & NELSON, L.C.

NINTH & TENTH FLOORS, UNITED BUILDING

C. STANLEY NELSON
JACK N. STEWART
W. DEAN OWENS
H. ROYCE NELSON
SIDNEY A. REITZ
DAVID D. MOSHIER
J. STAN SEXTON
DAVID R. KLAASSEN
DEBRA C. JAMES
JEFFREY E. KING
TERRY D. CRIES
JOHN A. O'LEARY
BRIAN W. WOOD

119 WEST IRON AVENUE

BOX 1247

SALINA, KANSAS 67402-1247

(913) 827-7251

FAX (913) 827-2815

OF COUNSEL:

HOWARD ENGLEMAN
CLARENCE L. KING, JR.

E. S. HAMPTON (1901-1943)
TOM W. HAMPTON (1835-1984)
JOHN Q. ROYCE (1916-1991)

January 27, 1995

Mr. William H. Jenkins, CPA
Kennedy and Coe, LLC
P.O. Box 187
Goodland, Kansas 67735

RE:  Ernest Richard Cure Trust

Dear Bill:

In accordance with your recent letter and our telephone conversation, we are forwarding to you four copies of a proposed Second Supplemental Trust Agreement which amends the Ernest Richard Cure Trust in its entirety. In order to facilitate your review of the document, we will attempt to briefly summarize and explain some of the paragraphs of the proposed Second Supplemental Trust Agreement.

1.   Paragraph 1 provides in part that the trust will be held solely for the benefit of Ernest Richard Cure and his wife, Inez Cure, during the lifetime of Ernest Richard Cure.

2.   Paragraph 2 provides in part as follows:

(a)  Upon the death of Ernest Richard Cure, if Inez Cure survives him, then real estate specifically described therein, together with the improvements thereon, is set aside in Trust A and administered in accordance with the provisions of Paragraph 3. The portion of the net estate allocated to Trust A is held solely for the benefit of Inez Cure.

(b)  The balance of the property of Ernest Richard Cure, or all of his property if Inez Cure does not survive him, would be allocated to Trust B and administered in accordance with the provisions of Paragraph 4. It should be noted that the federal estate tax liability and the state inheritance tax liability, together with related expenses, would be charged solely against the property allocated to Trust B.

EXHIBIT
4

EC 203

14

Mr. William H. Jenkins, CPA
January 27, 1995
Page 2

3.   Trust A is to be administered by the Trustees in accordance with the provisions of Paragraph 3 as follows:

(a)   The Trustees are required to pay the income of Trust A to Inez Cure on a current basis.   It should be noted that only income producing property can be held in the marital share of the trust and in the event the property is not income producing, then we have given Inez Cure the right to require that it be converted to income producing property.   Inez Cure may appoint any accumulated, undistributed income which remains at her death to whomever she pleases.   If Mrs. Cure does not exercise such power of appointment, then any accumulated, undistributed income remaining at her death will be distributed in accordance with the provisions of sub-paragraph (a) of Paragraph 4 of the trust.

(b)   The Trustees are authorized to distribute such amount or amounts of the principal of Trust A to Inez Cure as may be necessary to provide for her health, medical, dental, hospital and nursing expenses, her expenses of invalidism and for her support and maintenance in her accustomed manner of living.

(c)   If Trust A is not terminated by distributing all of the income and principal to Inez Cure, then upon the death of Mrs. Cure all of the property constituting the principal of Trust A will be distributed in accordance with the provisions of sub-paragraph (a) of Paragraph 4 of the trust.

(d)   It is intended that the Trustees would elect to treat Trust A as Qualified Terminable Interest Property under §2056(b)(7)(B)(v) of the Internal Revenue Code of 1986, as amended, and postpone the payment of any federal estate tax thereon until Mrs. Cure's death.   Upon Mrs. Cure's death, the property remaining in Trust A would be included in her gross estate for federal estate tax purposes and would be considered in determining the state inheritance tax liability payable on account of her death.

4.   Trust B is to be administered in accordance with the provisions of Paragraph 4, as follows:

(a)   Upon the death of Ernest Richard Cure, the accumulated income and principal of Trust B will be distributed to Mary Ellen Bohnen, daughter of Ernest

EC 204

Mr. William H. Jenkins, CPA
January 27, 1995
Page 3

Richard Cure, but if she is not then living, then to her
issue then living, but if Mary Ellen Bohnen and her issue
of every degree are all deceased, then the accumulated
income and principal of Trust B will be distributed
equally to Kathleen Ann Unrein, Jane Elizabeth Hubbard
and Theresa Marie Cure, but if any one of them is not
then living, then such deceased daughter's share shall be
distributed to her issue then living.

(b)   If, upon termination, any property would be
distributed to a person who has not attained 21 years of
age, then such property would be held by the Trustees for
the benefit of such person until he or she has attained
the age of 21 years.

(c)   The Trustees are authorized to retain such amount of
the income and principal of Trust B as may be necessary
to pay the debts, expenses and taxes of Ernest Richard
Cure.

(d)   It has been specifically noted that although Ernest
Richard Cure acknowledges Edward Joseph Cure, Kathleen
Ann Unrein, Jane Elizabeth Hubbard, Michael Richard Cure,
William Earl Cure, John Paul Cure and Theresa Marie Cure
are his children, he has intentionally excluded them as
beneficiaries of his trust except that in the event Mary
Ellen Bohnen and all of her issue predecease him, or
predecease Inez Cure, then Kathleen Ann Unrein, Jane
Elizabeth Hubbard and Theresa Marie Cure will be
beneficiaries of his trust.

5.   Paragraph 7 of the Second Supplemental Trust
Agreement provides in part that the number of Trustees will
remain at two at the death or incapacity of Ernest Richard
Cure. Mary Ellen Bohnen and Inez Cure will be the Trustees of
Trust A.   Mary Ellen Bohnen and a second Trustee to be
selected by Mary Ellen Bohnen will be the Trustees of Trust B.
Additional successor Trustees shall be selected by the Trustee
then acting thereunder.

6.   A Consent of Spouse has been added to the Second
Supplemental Trust Agreement wherein Inez Cure can consent to
the terms and provisions of the Ernest Richard Cure Trust.

The Trust Agreement is extremely complex and the foregoing
summary is simply a general explanation of some of the provisions
contained therein. We have not attempted in this explanation to
cover all of the benefits available through the utilization of

EC 205

Mr. William H. Jenkins, CPA
January 27, 1995
Page 4


revocable trusts, but have limited this letter to a very basic
discussion of a few provisions.

Since the Trust Agreement provides that less than the amount
a surviving spouse is entitled to receive under Colorado law is
allocated to Trust A and distributions of principal from the Trust
A Share are limited to such amounts as may be necessary for Mrs.
Cure's support and maintenance, it is essential that Mrs. Cure be
fully apprised that she is relinquishing a portion of her rights to
Mr. Cure's property under Colorado law. In this regard, it is imperative
that Mrs. Cure seek independent legal counsel so that we can be certain she has been
fully and completely informed of her rights under Colorado law. We have
prepared and are enclosing the original and one copy of a letter
addressed to Mrs. Cure specifically advising her of the necessity
of her seeking separate legal counsel. The copy should be signed
by Mrs. Cure where indicated and returned to this office to be
retained in our permanent files. It is essential that Mrs. Cure
execute the enclosed copy of the letter prior to the execution of
any of the documents enclosed herewith.

If the Second Supplemental Trust Agreement meets with the
approval of all concerned, then all four copies should be signed
where indicated and the signatures should be acknowledged before a
Notary Public. Please return a fully executed copy of the document
to this office for our permanent files. One fully executed copy of
the document should be placed in a safe deposit box that is leased
by the trust for safekeeping.

You will also find enclosed the following documents:

A. The original and one copy of a proposed Will which we have
prepared for Ernest Richard Cure. You will note that the Will
provides as follows:

    i. ITEM I provides that any property remaining in the
    Eileen Rita Cure Trust (Marital Trust) at the time of the
    death of Ernest Richard Cure will be paid and distributed
    to his daughter, Mary Ellen Bohnen, but if she is not
    then living, then to her issue, but if Mary Ellen Bohnen
    and her issue are all deceased, then to the other
    daughters of Ernest Richard Cure, Kathleen Ann Unrein,
    Jane Elizabeth Hubbard and Theresa Marie Cure.

    ii. ITEM II provides that any property of Ernest Richard
    Cure not transferred to the Ernest Richard Cure Trust
    during his lifetime will be transferred to the trust upon
    his death.

Mr. William H. Jenkins, CPA
January 27, 1995
Page 5

   iii. A Consent has been included for execution by Inez
   Cure wherein she can consent to the provisions of the
   Will and the Ernest Richard Cure Trust.

Please note that the Will should not be executed unless and
until the proposed Second Supplemental Trust Agreement
referred to above has been executed. It is necessary for the
Will to be signed in the presence of three disinterested
witnesses who should each sign in the presence of each other
and in the presence of Mr. and Mrs. Cure. You should be
certain that all of the blanks have been properly filled in
showing the date the Will is executed and the like. The
executed original of the Will should be placed in the envelope
enclosed herewith marked "Last Will and Testament", the date
and the witnesses' names listed on the face of the envelope
where indicated and placed in a safe deposit box that is
leased by the trust for safekeeping. The copy of the Will
should not be executed, but should be placed in the envelope
enclosed herewith marked "Copy of Last Will and Testament",
the date and the witnesses' names listed on the face of the
envelope where indicated and retained in the permanent records
of Mr. Cure for future reference.

B. A Warranty Deed wherein Cure, Inc. can convey the real
estate described thereon to the Ernest Richard Cure Trust. If
the Deed meets with the approval of all concerned, it should
be signed where indicated, the signatures acknowledged before
a Notary Public and the fully executed Deed recorded in the
Kit Carson County Recorder's office. It is essential that
this Warranty Deed be executed and recorded concurrently with
the execution of the Second Supplemental Trust Agreement
referred to above so that in the event of Mr. Cure's death,
the Trustees will be able to allocate the real estate to the
Trust A Share of the Ernest Richard Cure Trust.

C. A Waiver of Rights as Surviving Spouse which has been
prepared for the signature of Ernest Richard Cure. It is
essential Mr. Cure understand that by execution of this
document he is waiving his right to inherit as well as to any
other statutory rights he may have as a surviving spouse. If
the document meets with the approval of all concerned, then
the original and two copies should be signed by Mr. Cure where
indicated and his signatures should be acknowledged before a
Notary Public. The fully executed original should be
delivered to Mrs. Cure to be retained in her permanent
records, one fully executed copy should be retained by Mr.
Cure in his permanent records and the remaining fully executed
copy should be returned to this office for our permanent file.

Mr. William H. Jenkins, CPA
January 27, 1995
Page 6

We have prepared and are enclosing the original and one copy of a letter addressed to Mr. Cure specifically advising him that by execution of the Waiver of Rights as Surviving Spouse he is waiving his right to inherit as well as to any other statutory rights he may have as a surviving spouse of Inez Cure. The copy should be signed by Mr. Cure where indicated and returned to this office to be retained in our permanent files. It is essential that Mr. Cure execute the enclosed copy of the letter prior to the execution of Waiver of Rights as Surviving Spouse.

D.   The original and two copies of a Deferred Compensation Agreement between Cure, Inc. and Ernest R. Cure.   If the Agreement meets with the approval of all concerned, then the original and two copies should be dated and signed where indicated. The fully executed original should be retained in the permanent records of Cure, Inc., one fully executed copy should be retained by Mr. Cure in his permanent records and the remaining fully executed copy should be returned to this office for our permanent file.

We have enclosed a copy of all of the documents for your records.   We are also returning Mr. Cure's booklet which you forwarded to this office with your letter dated January 17, 1995.

If you have any questions, please advise.

Very truly yours,

HAMPTON, ROYCE, ENGLEMAN & NELSON, L.C.

By: _____

Sidney A. Reitz/cl
Enclosures

EC 208

WILL

OF

ERNEST R. CURE

WADE ASH WOODS HILL & FARLEY, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

CHERRY CREEK CENTRE

360 SOUTH MONROE STREET, SUITE 400

DENVER, COLORADO 80209



EXHIBIT

5

## TABLE OF CONTENTS

Page

FAMILY AND FIDUCIARY INFORMATION . . . . . . . . . . . . . . . . . . 1

ARTICLE 1.00 - FAMILY INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARTICLE 2.00 - DESIGNATION OF PERSONAL REPRESENTATIVE . . . . . . . . . . . 1

DISPOSITION OF ESTATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARTICLE 3.00 - EXERCISE OF POWER OF APPOINTMENT . . . . . . . . . . . . . . . . 2

ARTICLE 4.00 - RESIDUARY ESTATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ADMINISTRATIVE PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARTICLE 5.00 - ADMINISTRATIVE PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . 3

i

# WILL

## OF

### ERNEST R. CURE

I, ERNEST R. CURE, also known as ERNEST RICHARD CURE, a resident of Kit Carson County, Colorado, revoke any prior wills and codicils made by me and declare this to be my will.

## FAMILY AND FIDUCIARY INFORMATION

### ARTICLE 1.00 - FAMILY INFORMATION

My wife is INEZ CURE. My children now living are MARY ELLEN BOHNEN, EDWARD JOSEPH CURE, KATHLEEN ANN UNREIN, JANE ELIZABETH HUBBARD, MICHAEL RICHARD CURE, WILLIAM EARL CURE, JOHN PAUL CURE, and THERESA MARIE CURE. In addition I have a number of grandchildren.

### ARTICLE 2.00 - DESIGNATION OF PERSONAL REPRESENTATIVE

I nominate my daughter, Mary Ellen Bohnen, as my personal representative. If she fails to qualify or ceases to act for any reason, I nominate my grandson, MICHAEL BOHNEN, as my personal representative.

1.

## DISPOSITION OF ESTATE

### ARTICLE 3.00 - EXERCISE OF POWER OF APPOINTMENT

In accordance with the provisions of Section 4 of Article VII of that certain Trust Agreement dated February 3, 1976, as amended by a First Amendment of Trust dated August 7, 1987, between my deceased wife, Eileen Rita Cure, as the "Settlor", and myself and Mary Ellen Bohnan, as the "Trustee", I was granted a general testamentary power of appointment over all of the property constituting the Eileen Rita Cure Trust (Marital Trust) being held under the provisions of Article VII of said Trust Agreement dated February 3, 1976, as amended by said First Amendment of Trust dated August 7, 1987. I hereby exercise said general testamentary power of appointment and hereby give and bequeath all of the property constituting said Eileen Rita Cure Trust (Marital Trust) at the time of my death to my daughter, Mary Ellen Bohnen, but if she is not then living, then, per stirpes, to the issue then living of Mary Ellen Bohnen, but if there should be no issue then living of Mary Ellen Bohnen, then such property shall be divided into such number of separate shares of equal value as may be necessary to provide one such separate share for each of my other daughters,  Kathleen Ann Unrein, Jane Elizabeth Hubbard, and Theresa Marie Cure, who is then living or who is then deceased but who has issue then living.  One such separate share shall be distributed to each of my said other daughters who is then living, and one such separate share shall be distributed, per stirpes, to the issue then living of each of my said other daughters who is then deceased but who has issue then living.

### ARTICLE 4.00 - RESIDUARY ESTATE

All of my property of whatever kind and wherever located, owned by me at the time of my death, I give, devise, and bequeath to the then acting trustees of the Ernest Richard Cure Trust, dated February 3, 1976, to be held , administered and distributed in

2

accordance with that trust established by me pursuant to a Trust Agreement dated
February 3, 1976, a First Amendment of Trust dated July 23, 1987, and a Second
Supplemental Trust Agreement dated January 31, 1995.

## ADMINISTRATIVE PROVISIONS

### ARTICLE 5.00 - ADMINISTRATIVE PROVISIONS

If I die domiciled in Colorado, my fiduciaries may exercise all the powers in the
Colorado Fiduciaries' Powers Act, as amended after the date of my will and after my
death. If I die not domiciled in Colorado, I incorporate in my will by reference the
Colorado Fiduciaries' Powers Act as such Act exists on the date of my will.

Signed and executed by me on October 10, 2000.

_____
Ernest R. Cure

The foregoing instrument was signed and executed by Ernest R. Cure as his will,
in the presence of us, who in his conscious presence and in the presence of each other
have signed our names as witnesses on the date of this instrument, and we declare that at
the time of the execution of this instrument Ernest R. Cure, according to our best
knowledge, was eighteen years of age or older, of sound mind and under no constraint or
undue influence.

_____          _____
Witness                          Witness

360 S. Monroe St., Suite 400         360 S. Monroe St., Suite 400
Denver, Colorado  80209          Denver, Colorado  80209

3

AFFIDAVIT OF PROOF OF WILL

STATE OF COLORADO )
    CITY AND     ) ss.
COUNTY OF DENVER )

    We, Ernest R. Cure and the witnesses, respectively, whose names are signed to the foregoing instrument, being first duly sworn, do hereby declare to the undersigned authority that Ernest R. Cure signed and executed the instrument as his will and that he signed willingly and that he executed it as his free and voluntary act for the purposes therein expressed, and that each of the witnesses, in the conscious presence of Ernest R. Cure, signed the will as witness and that to the best of his or her knowledge Ernest R. Cure was at that time eighteen years of age or older, of sound mind and under no constraint or undue influence.

_____
Ernest R. Cure

_____
Witness

_____
Witness

    Subscribed, sworn to and acknowledged before me by Ernest R. Cure, and subscribed and sworn to before me by the witnesses, this 10th day of October, 2000.

    Witness my hand and official seal.

My commission expires: _____

My Commission Expires Oct. 16, ___

_____
Notary Public