LAW OFFICES

# HAMPTON, ROYCE, ENGLEMAN & NELSON, L.C.

NINTH & TENTH FLOORS, UNITED BUILDING

119 WEST IRON AVENUE

BOX 1247

SALINA, KANSAS 67402-1247

(913) 827-7251

FAX (913) 827-2815

C. STANLEY NELSON
JACK N. STEWART
W. DEAN OWENS
N. ROYCE NELSON
SIDNEY A. REITZ
DAVID D. MOSHIER
J. STAN SEXTON
DAVID R. KLAASSEN
DEBRA E. JAMES
JEFFREY E. KING
TERRY D. CRISS
JOHN A. O'LEARY
BRIAN W. WOOD

OF COUNSEL:

HOWARD ENGLEMAN
CLARENCE L. KING, JR.

E. S. HAMPTON (1905-1982)
TOM W. HAMPTON (1935-1984)
JOHN Q. ROYCE (1918-1991)

January 27, 1995

Mr. William H. Jenkins, CPA
Kennedy and Coe, LLC
P.O. Box 187
Goodland, Kansas 67735

RE:  Ernest Richard Cure Trust

Dear Bill:

In accordance with your recent letter and our telephone conversation, we are forwarding to you four copies of a proposed Second Supplemental Trust Agreement which amends the Ernest Richard Cure Trust in its entirety. In order to facilitate your review of the document, we will attempt to briefly summarize and explain some of the paragraphs of the proposed Second Supplemental Trust Agreement.

1. Paragraph 1 provides in part that the trust will be held solely for the benefit of Ernest Richard Cure and his wife, Inez Cure, during the lifetime of Ernest Richard Cure.

2. Paragraph 2 provides in part as follows:

(a) Upon the death of Ernest Richard Cure, if Inez Cure survives him, then real estate specifically described therein, together with the improvements thereon, is set aside in Trust A and administered in accordance with the provisions of Paragraph 3. The portion of the net estate allocated to Trust A is held solely for the benefit of Inez Cure.

(b) The balance of the property of Ernest Richard Cure, or all of his property if Inez Cure does not survive him, would be allocated to Trust B and administered in accordance with the provisions of Paragraph 4. It should be noted that the federal estate tax liability and the state inheritance tax liability, together with related expenses, would be charged solely against the property allocated to Trust B.

EXHIBIT

7

EC 203

/4

Mr. William H. Jenkins, CPA
January 27, 1995
Page 2

3.    Trust A is to be administered by the Trustees in accordance with the provisions of Paragraph 3 as follows:

(a)  The Trustees are required to pay the income of Trust A to Inez Cure on a current basis. It should be noted that only income producing property can be held in the marital share of the trust and in the event the property is not income producing, then we have given Inez Cure the right to require that it be converted to income producing property. Inez Cure may appoint any accumulated, undistributed income which remains at her death to whomever she pleases. If Mrs. Cure does not exercise such power of appointment, then any accumulated, undistributed income remaining at her death will be distributed in accordance with the provisions of sub-paragraph (a) of Paragraph 4 of the trust.

(b)  The Trustees are authorized to distribute such amount or amounts of the principal of Trust A to Inez Cure as may be necessary to provide for her health, medical, dental, hospital and nursing expenses, her expenses of invalidism and for her support and maintenance in her accustomed manner of living.

(c)  If Trust A is not terminated by distributing all of the income and principal to Inez Cure, then upon the death of Mrs. Cure all of the property constituting the principal of Trust A will be distributed in accordance with the provisions of sub-paragraph (a) of Paragraph 4 of the trust.

(d)  It is intended that the Trustees would elect to treat Trust A as Qualified Terminable Interest Property under §2056(b)(7)(B)(v) of the Internal Revenue Code of 1986, as amended, and postpone the payment of any federal estate tax thereon until Mrs. Cure's death. Upon Mrs. Cure's death, the property remaining in Trust A would be included in her gross estate for federal estate tax purposes and would be considered in determining the state inheritance tax liability payable on account of her death.

4.    Trust B is to be administered in accordance with the provisions of Paragraph 4, as follows:

(a)  Upon the death of Ernest Richard Cure, the accumulated income and principal of Trust B will be distributed to Mary Ellen Bohnen, daughter of Ernest

EC 204

Mr. William H. Jenkins, CPA
January 27, 1995
Page 3

Richard Cure, but if she is not then living, then to her issue then living, but if Mary Ellen Bohnen and her issue of every degree are all deceased, then the accumulated income and principal of Trust B will be distributed equally to Kathleen Ann Unrein, Jane Elizabeth Hubbard and Theresa Marie Cure, but if any one of them is not then living, then such deceased daughter's share shall be distributed to her issue then living.

(b)    If, upon termination, any property would be distributed to a person who has not attained 21 years of age, then such property would be held by the Trustees for the benefit of such person until he or she has attained the age of 21 years.

(c)   The Trustees are authorized to retain such amount of the income and principal of Trust B as may be necessary to pay the debts, expenses and taxes of Ernest Richard Cure.

(d)   It has been specifically noted that although Ernest Richard Cure acknowledges Edward Joseph Cure, Kathleen Ann Unrein, Jane Elizabeth Hubbard, Michael Richard Cure, William Earl Cure, John Paul Cure and Theresa Marie Cure are his children, he has intentionally excluded them as beneficiaries of his trust except that in the event Mary Ellen Bohnen and all of her issue predecease him, or predecease Inez Cure, then Kathleen Ann Unrein, Jane Elizabeth Hubbard and Theresa Marie Cure will be beneficiaries of his trust.

5.    Paragraph 7 of the Second Supplemental Trust Agreement provides in part that the number of Trustees will remain at two at the death or incapacity of Ernest Richard Cure. Mary Ellen Bohnen and Inez Cure will be the Trustees of Trust A.    Mary Ellen Bohnen and a second Trustee to be selected by Mary Ellen Bohnen will be the Trustees of Trust B. Additional successor Trustees shall be selected by the Trustee then acting thereunder.

6.    A Consent of Spouse has been added to the Second Supplemental Trust Agreement wherein Inez Cure can consent to the terms and provisions of the Ernest Richard Cure Trust.

The Trust Agreement is extremely complex and the foregoing summary is simply a general explanation of some of the provisions contained therein. We have not attempted in this explanation to cover all of the benefits available through the utilization of

EC 205

Mr. William H. Jenkins, CPA
January 27, 1995
Page 4


revocable trusts, but have limited this letter to a very basic discussion of a few provisions.

Since the Trust Agreement provides that less than the amount a surviving spouse is entitled to receive under Colorado law is allocated to Trust A and distributions of principal from the Trust A Share are limited to such amounts as may be necessary for Mrs. Cure's support and maintenance, it is essential that Mrs. Cure be fully apprised that she is relinquishing a portion of her rights to Mr. Cure's property under Colorado law. In this regard, it is imperative that Mrs. Cure seek independent legal counsel so that we can be certain she has been fully and completely informed of her rights under Colorado law. We have prepared and are enclosing the original and one copy of a letter addressed to Mrs. Cure specifically advising her of the necessity of her seeking separate legal counsel. The copy should be signed by Mrs. Cure where indicated and returned to this office to be retained in our permanent files. It is essential that Mrs. Cure execute the enclosed copy of the letter prior to the execution of any of the documents enclosed herewith.

If the Second Supplemental Trust Agreement meets with the approval of all concerned, then all four copies should be signed where indicated and the signatures should be acknowledged before a Notary Public. Please return a fully executed copy of the document to this office for our permanent files. One fully executed copy of the document should be placed in a safe deposit box that is leased by the trust for safekeeping.

You will also find enclosed the following documents:

A. The original and one copy of a proposed Will which we have prepared for Ernest Richard Cure. You will note that the Will provides as follows:

    i. ITEM I provides that any property remaining in the Eileen Rita Cure Trust (Marital Trust) at the time of the death of Ernest Richard Cure will be paid and distributed to his daughter, Mary Ellen Bohnen, but if she is not then living, then to her issue, but if Mary Ellen Bohnen and her issue are all deceased, then to the other daughters of Ernest Richard Cure, Kathleen Ann Unrein, Jane Elizabeth Hubbard and Theresa Marie Cure.

    ii. ITEM II provides that any property of Ernest Richard Cure not transferred to the Ernest Richard Cure Trust during his lifetime will be transferred to the trust upon his death.

EC 206

Mr. William H. Jenkins, CPA
January 27, 1995
Page 5

   iii. A Consent has been included for execution by Inez
   Cure wherein she can consent to the provisions of the
   Will and the Ernest Richard Cure Trust.

Please note that the Will should not be executed unless and until the proposed Second Supplemental Trust Agreement referred to above has been executed. It is necessary for the Will to be signed in the presence of three disinterested witnesses who should each sign in the presence of each other and in the presence of Mr. and Mrs. Cure. You should be certain that all of the blanks have been properly filled in showing the date the Will is executed and the like. The executed original of the Will should be placed in the envelope enclosed herewith marked "Last Will and Testament", the date and the witnesses' names listed on the face of the envelope where indicated and placed in a safe deposit box that is leased by the trust for safekeeping. The copy of the Will should <u>not</u> be executed, but should be placed in the envelope enclosed herewith marked "Copy of Last Will and Testament", the date and the witnesses' names listed on the face of the envelope where indicated and retained in the permanent records of Mr. Cure for future reference.

B. A Warranty Deed wherein Cure, Inc. can convey the real estate described thereon to the Ernest Richard Cure Trust. If the Deed meets with the approval of all concerned, it should be signed where indicated, the signatures acknowledged before a Notary Public and the fully executed Deed recorded in the Kit Carson County Recorder's office. It is essential that this Warranty Deed be executed and recorded concurrently with the execution of the Second Supplemental Trust Agreement referred to above so that in the event of Mr. Cure's death, the Trustees will be able to allocate the real estate to the Trust A Share of the Ernest Richard Cure Trust.

C. A Waiver of Rights as Surviving Spouse which has been prepared for the signature of Ernest Richard Cure. It is essential Mr. Cure understand that by execution of this document he is waiving his right to inherit as well as to any other statutory rights he may have as a surviving spouse. If the document meets with the approval of all concerned, then the original and two copies should be signed by Mr. Cure where indicated and his signatures should be acknowledged before a Notary Public. The fully executed original should be delivered to Mrs. Cure to be retained in her permanent records, one fully executed copy should be retained by Mr. Cure in his permanent records and the remaining fully executed copy should be returned to this office for our permanent file.

EC 207

Mr. William H. Jenkins, CPA
January 27, 1995
Page 6

We have prepared and are enclosing the original and one copy of a letter addressed to Mr. Cure specifically advising him that by execution of the Waiver of Rights as Surviving Spouse he is waiving his right to inherit as well as to any other statutory rights he may have as a surviving spouse of Inez Cure. The copy should be signed by Mr. Cure where indicated and returned to this office to be retained in our permanent files. It is essential that Mr. Cure execute the enclosed copy of the letter prior to the execution of Waiver of Rights as Surviving Spouse.

D. The original and two copies of a Deferred Compensation Agreement between Cure, Inc. and Ernest R. Cure. If the Agreement meets with the approval of all concerned, then the original and two copies should be dated and signed where indicated. The fully executed original should be retained in the permanent records of Cure, Inc., one fully executed copy should be retained by Mr. Cure in his permanent records and the remaining fully executed copy should be returned to this office for our permanent file.

We have enclosed a copy of all of the documents for your records. We are also returning Mr. Cure's booklet which you forwarded to this office with your letter dated January 17, 1995.

If you have any questions, please advise.

Very truly yours,

HAMPTON, ROYCE, ENGLEMAN & NELSON, L.C.

By: _____

Sidney A. Reitz/cl
Enclosures

EC 208